# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-209V
**(not to be published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PETER LONG III, Personal Representative of the Estate of Peter Long Jr.,

    Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

    Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: March 24, 2020

Decision by Stipulation; Damages; Influenza Vaccine; Guillain-Barré Syndrome ("GBS").

*Howard Gold*, Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner.
*Adriana Teitel*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON JOINT STIPULATION[1]

On February 13, 2017, Peter Long Jr. ("PLJ") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Peter Long III ("Petitioner") became the Personal Representative of PLJ's estate on December 4, 2017. *See* Ex. 14. I issued an order to change the case caption on March 19, 2018. ECF No. 30. Petitioner alleges PLJ developed Guillain-Barré syndrome ("GBS") as a result of the influenza vaccination PLJ received on October 27, 2015. *See* Stipulation ¶ 2, 4, dated March 24, 2020 (ECF

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. ' 300aa-10-' 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. ' 300aa.

No. 56); *see also* Petition.  Petitioner also alleges that PLJ's GBS contributed to his death. Stipulation ¶ 4.

Respondent denies "that the flu vaccine caused PLJ's alleged GBS, any other injury, or his death."  *See* Stipulation ¶ 6.  Nonetheless, both parties, while maintaining their above-stated positions, agreed in a stipulation filed March 24, 2020 that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

a lump sum of $225,000.00 in the form of a check payable to [P]etitioner as the personal representative of the estate of Peter Long Jr.

Stipulation ¶ 8.  This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　**s/ Katherine E. Oler**
　　　　　　　　　　　　　　　　　　　　　　　　Katherine E. Oler
　　　　　　　　　　　　　　　　　　　　　　　　Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| |
|---|
| PETER LONG III, Personal Representative of the Estate of Peter Long Jr., |
| Petitioner, |
| v. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |
| Respondent. |

No. 17-209V
Special Master Oler
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Peter Long, Jr., ("PLJ") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").[1] The petition seeks compensation for injuries allegedly related to his receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. PLJ received a flu vaccine on October 27, 2015.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine PLJ developed Guillain-Barré Syndrome ("GBS") and experienced the residual effects of this injury for more than six months. Petitioner further alleges that PLJ's GBS contributed to his death.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of PLJ as a result of his condition.

---

[1] Peter Long, Jr., died during the pendency of this claim, and his son was substituted as the petitioner in March 2018. All references herein to petitioner refer to Peter Long III.

6. Respondent denies that the flu vaccine caused PLJ's alleged GBS, any other injury, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $225,000.00 the form of a check payable to petitioner as the personal representative of the estate of Peter Long, Jr. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that he is currently authorized to serve as the personal representative of PLJ's estate under the law of the State of Michigan and he has filed a copy of his letters of authority with the Court. If petitioner is no longer authorized by a court of competent jurisdiction to serve as the personal representative of PLJ's estate at the time payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as the personal representative of the estate of PLJ upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in his individual capacity and as the personal representative of PLJ's estate, on behalf of the Estate and PLJ's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of PLJ resulting from, or alleged to have resulted from, the flu vaccine administered on October 27, 2015, as alleged in a Petition filed on February 13, 2017, in the United States Court of Federal Claims as petition No. 17-209V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused PLJ's alleged GBS, any other injury, or his death.

17. All rights and obligations of petitioner hereunder shall apply shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as personal representative of PLJ's estate.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*[signature]*
PETER LONG III

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*
HOWARD S. GOLD
Gold Law Firm, LLC
83 Walnut Street, Suite 150
Wellesley Hills, MA 02481
(781) 239-1000

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*Ward Sorensen for*
TAMARA OVERBY
Acting Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*Adriana Teitel by Catharine E.*
ADRIANA TEITEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-3677

Dated: 3/24/2020